IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

ERIC DWAYNE COOK,

Case No. 1:10-CV-355-PA

      Petitioner,

    v.

GUY HALL,

OPINION AND ORDER

      Respondent.

Eric Dwayne Cook, #14485873
82911 Beach Access Road
Umatilla, OR 97882-9419

      Attorney for Petitioner

John R. Kroger, Attorney General
Lynn David Larsen, Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97310

      Attorneys for Respondent

1 - OPINION AND ORDER

:

PANNER, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2254 challenging the legality of his underlying state court convictions and sentences. For the reasons that follow, the Petition for Writ of Habeas Corpus (#1) is denied.

## BACKGROUND

On September 10, 2001, the Marion County Grand Jury indicted petitioner on two counts of Sexual Abuse in the First Degree, two counts of Rape in the Second Degree, Sodomy in the Second Degree, and Rape in the Third Degree for crimes he committed over the course of five years against a girl who was nine years old when the abuse began. Respondent's Exhibit 102. In 2002, petitioner pled guilty to Rape in the Third Degree and agreed to proceed to a stipulated facts trial on the charges of Rape in the Second Degree and Sodomy in the Second Degree. In exchange, the State agreed to dismiss the most serious charges of Sexual Abuse in the First Degree. Respondent's Exhibits 103, 104.

The Plea Petition indicated that the charge of Rape in the Third Degree carried a presumptive sentence of 13-14 months with a maximum upward departure sentence of 28 months. Respondent's Exhibit 103, p. 3. At sentencing, the trial judge imposed an upward departure sentence of 60 months for Rape in the Third Degree due to the victim's vulnerability and petitioner's violation of a position of trust. Respondent's Exhibit 105, p. 27. The court

2 - OPINION AND ORDER

also sentenced petitioner to mandatory minimum sentences of 75 months each on the other three charges, which the court ran consecutively to each other and to the sentence for Rape in the Third Degree for a total of 285 months in prison. *Id* at 26. The court also imposed restitution in the amount of $21,600. *Id* at 27.

Petitioner directly appealed the restitution ordered by the trial judge, an issue to which he objected at sentencing. Respondent's Exhibit 106; Respondent's Exhibit 105, p. 28. He later filed two supplemental appellate briefs raising an unpreserved challenge to the court's upward departure sentence concerning his Rape in the Third Degree conviction that was not raised at sentencing. Respondent's Exhibit 107, 109. The Oregon Court of Appeals issued a *per curiam* opinion affirming the trial court and citing to *State v. Gornick*, 340 Or. 160 (2006), which held that unpreserved *Apprendi* and *Blakely* claims are not considered "plain error" in Oregon such that they can be considered in the absence of preservation at the trial court level. Respondent's Exhibit 111; *see also Ailes v. Portland Meadows, Inc.,* 312 Or. 376, 381-82 823 P.2d 956 (1991) (addressing plain error exception to Oregon's preservation requirement). Petitioner sought review by the Oregon Supreme Court which was denied. Respondent's Exhibit 113.

Petitioner next filed for post-conviction relief ("PCR") in Umatilla County where the PCR trial court denied relief on all of

3 - OPINION AND ORDER

his claims. Respondent's Exhibit 125. On appeal, petitioner pursued a single claim that his trial attorney was ineffective when he failed to object to the court's imposition of the departure sentence for Rape in the Third Degree. Respondent's Exhibit 127. The Oregon Court of Appeals summarily affirmed the decision of the PCR trial court on this claim, and the Oregon Supreme Court denied review. Respondent's Exhibits 130, 132.

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 in which he raises the following claims:

> **Ground One**: Ineffective assistance of counsel.
>
> **Supporting Facts**: Trial counsel failed to object to defendant's sentencing under *Apprendi* and was therefore not included on the record. Defendant was given an upward departure, consecutive sentences, a judicially-created aggravating factor, increased criminal history score, and $21,600 restitution based on facts not found by a jury beyond a reasonable doubt. The error on the record is plain.
>
> **Ground Two**: Denial of due process, and fair trial under State and Federal Constitutions.
>
> **Supporting Facts**: Defendant's plea was not knowing, intelligent, and voluntary. Defendant was mislead in violation of Apprendi. Waiver of jury trial was not knowing, intelligent, and voluntary regarding facts used to give defendant departure and consecutive sentences. Trial counsel was ineffective under State and Federal Constitutions for failing to explain above and not objecting to sentences under Apprendi which was decided 2 years prior.
>
> **Ground Three**: Denial of due process, knowing use of false evidence.

4 - OPINION AND ORDER

**Supporting Facts:** Defendant's pre-sentence investigation (P.S.I.) contained falsely stated facts never charged, or proven beyond reasonable doubt by a jury. The court did not strike this from the record and it became a formal tool for sentencing defendant. Further, this false information will be used for duration of defendant's confinement and subsequent release under post-prison supervision. The P.S.I. should have been corrected. This document was used against defendant solely for the purpose of sentencing.

**Ground Four:** Failure to adhere to State law requirements.

**Supporting Facts:** Defendant's sentencing-grid/criminal history score wasn't computed properly and the sentence received was more than the presumptive sentence. Therefore, the State failed to abide by its own statutory commands.

**Ground Five:** Sentence was disproportionate.

**Supporting Facts:** Defendant's sentence was harsher than most other sentences. Cruel and unusual punishment. For any and all reasons listed above.

Respondent asks the court to deny relief on the Petition because, with the exception of the portion of Ground One dealing with counsel's failure to object to the imposition of a departure sentence, all of petitioner's claims are procedurally defaulted. Respondent also argues that all of petitioner's claims are meritless.

///

///

///

5 - OPINION AND ORDER

**DISCUSSION**

## I.    **Exhaustion and Procedural Default**

### A.    **Standards**

A habeas petitioner must exhaust his claims by fairly presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore,* 386 F.3d 896, 915-916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257, (1986)). If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review. *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). If a petitioner has procedurally defaulted a

6 - OPINION AND ORDER

claim in state court, a federal court will not review the claim

unless the petitioner shows "cause and prejudice" for the failure

to present the constitutional issue to the state court, or makes a

colorable showing of actual innocence.  *Gray v. Netherland*, 518

U.S. 152, 162 (1996); *Sawyer v. Whitley*, 505 U.S. 333, 337 (1992);

*Murray v. Carrier*, 477 U.S. 478, 485 (1986).

## B.    **Analysis**

As noted above, petitioner's direct appeal included a single

preserved claim: whether the trial court properly imposed

restitution without considering petitioner's ability to pay it.

Respondent's Exhibit 106.    This claim was framed solely as one

concerning state law, thus petitioner did not advance any federal

claims on direct appeal which are eligible for review in this

federal habeas corpus proceeding.    Because the time for presenting

any of petitioner's federal claims on direct appeal passed long

ago, they are procedurally defaulted.

During petitioner's PCR appeal, he pursued a single claim:

whether the PCR trial court erred in ruling that petitioner's trial

counsel was not ineffective when counsel failed to object to

petitioner's departure sentence under *Apprendi v. New Jersey*, 530

U.S.  466,  490  (2000).    Respondent's  Exhibit  127.    Because

petitioner raised this claim in the appropriate procedural context

to the Oregon Supreme Court, it is fairly presented and eligible

for habeas review.    Petitioner's remaining claims of ineffective

7 - OPINION AND ORDER

assistance of counsel which he abandoned during his PCR appeal were
not fairly presented, and are now procedurally defaulted.

## II.  **The Merits**

### A.  **Standard of Review**

An application for a writ of habeas corpus shall not be
granted unless adjudication of the claim in state court resulted in
a decision that was: (1) "contrary to, or involved an unreasonable
application of, clearly established Federal law, as determined by
the Supreme Court of the United States;" or (2) "based on an
unreasonable determination of the facts in light of the evidence
presented in the State court proceeding." 28 U.S.C. § 2254(d). A
state court's findings of fact are presumed correct, and petitioner
bears the burden of rebutting the presumption of correctness by
clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

A state court decision is "contrary to . . . clearly
established precedent if the state court applies a rule that
contradicts the governing law set forth in [the Supreme Court's]
cases" or "if the state court confronts a set of facts that are
materially indistinguishable from a decision of [the Supreme] Court
and nevertheless arrives at a result different from [that]
precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).
Under the "unreasonable application" clause, a federal habeas court
may grant relief "if the state court identifies the correct
governing legal principle from [the Supreme Court's] decisions but

8 - OPINION AND ORDER

unreasonably applies that principle to the facts of the prisoner's case." *Id* at 413. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id* at 410. The state court's application of clearly established law must be objectively unreasonable. *Id* at 409.

## B.   **Analysis**

Because no Supreme Court precedent is directly on point that corresponds to the facts of this case, the court uses the general two-part test the Supreme Court has established to determine whether petitioner received ineffective assistance of counsel. *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1419 (2009). First, petitioner must show that his counsel's performance fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 686-87 (1984). Due to the difficulties in evaluating counsel's performance, courts must indulge a strong presumption that the conduct falls within the "wide range of reasonable professional assistance." *Id* at 689.

Second, petitioner must show that his counsel's performance prejudiced the defense. The appropriate test for prejudice is whether the petitioner can show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id* at 694. A reasonable probability is one which is sufficient to undermine confidence in the outcome of the trial. *Id* at 696. When

*Strickland's* general standard is combined with the standard of review governing 28 U.S.C. § 2254 habeas corpus cases, the result is a "doubly deferential judicial review." *Mirzayance*, 129 S.Ct. at 1420.

The Supreme Court decided *Apprendi* more than two years prior to petitioner's sentencing. In *Apprendi*, the Supreme Court held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. Oregon's state courts and every federal circuit in the country reasoned that the "statutory maximum" described in *Apprendi* constituted the maximum punishment permissible under the range of statutory penalties allowed. *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005); *Peralta-Basilio v. Hill*, 203 Or. App. 449, 453-54, 126 P.3d 1 (2005); *State v. Dilts*, 179 Or. App. 238, 39 P.3d 276 (2002). Pursuant to this widely shared interpretation, an Oregon litigant convicted of Rape in the Third Degree could only raise a successful *Apprendi* claim to a court-imposed departure sentence if the trial judge imposed a sentence exceeding 5 years.[1]

Two years after petitioner's sentencing, the Supreme Court went one step further and held that "the 'statutory maximum' for

---

[1] Rape in the Third Degree is a Class C felony in Oregon. ORS 163.355. Pursuant to ORS 161.605, Class C felonies are punishable by up to five years in prison.

10 - OPINION AND ORDER

:

*Apprendi* purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." *Blakely v. Washington,* 542 U.S. 296, 303 (2004) (citation omitted) (emphasis in original). Thus, *Blakely* "did more than just apply *Apprendi*; it created a new rule that was not compelled by *Apprendi* or its progeny." *Schardt v. Payne*, 414 F.3d 1025, 1035 (9th Cir. 2005). Under *Blakely*, a trial judge could only sentence a defendant in petitioner's position to the presumptive term contemplated by the sentencing guidelines. In other words, the guidelines presumption subsumed within the broader 5-year statutory parameter was, itself, considered a "statutory maximum." In petitioner's case, the statutory maximum was 13-14 months, the presumptive sentence under the applicable guidelines. Respondent's Exhibit 103, p. 3.

In his only claim properly before this court, petitioner argues that his trial attorney was constitutionally ineffective for failing to object to the trial court's imposition of an upward departure sentence based on facts not proven to a jury beyond a reasonable doubt. But at the time of petitioner's sentencing, counsel did not have the benefit of the *Blakely* decision. Petitioner cannot fault counsel based upon his failure to predict *Blakely* because "*Strickland* does not mandate prescience, only objectively reasonable advice under prevailing professional norms." *Sophanthavong v. Palmateer*, 378 F.3d 859, 870 (9th Cir. 2004)

11 - OPINION AND ORDER

(citing *Strickland*, 466 U.S. at 690); *see also Lowry v. Lewis*, 21 F.3d 344, 346 (9th Cir. 1994) (lawyers not required to anticipate decisions, and conduct must be evaluated at the time of that conduct). As a result, counsel's performance did not fall below an objective standard of reasonableness, thus the state court decision denying relief on this claim is neither contrary to, nor an unreasonable application of, clearly established federal law.

## CONCLUSION

For the reasons identified above, the Petition for Writ of Habeas Corpus (#1) is DENIED. The court declines to issue a Certificate of Appealability on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this ___/___ day of February, 2012.

Owen M. Panner
United States District Judge

12 - OPINION AND ORDER